Nancy E. Wolff, Esq., No. 133334
COWAN, DeBAETS, ABRAHAMS,
& SHEPPARD LLP
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Telefax: (310) 492-4394
nwolff@cdas.com

*Attorneys for Defendant*
APPLE INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE FREEMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>　　　　　Defendant. | Case No.: 3:23-cv-02426-WHO<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**<br><br>[Concurrently filed with the [Proposed] Order]<br><br><u>Date</u>: July 19, 2023<br><u>Time</u>: 2 p.m.<br><u>Courtroom</u>: 2, 17th Floor<br><br>Judge: Hon. William H. Orrick |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 19, 2023 at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. will, and hereby does, move pursuant to 28 U.S.C. § 1404(a) to transfer this action.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this matter, and such other matters as may be presented to the Court at the hearing.

Dated: June 14, 2023

                                                                            **COWAN, DEBAETS, ABRAHAMS, & SHEPPARD LLP**

                                                                            /s/ Nancy E. Wolff

Nancy E. Wolff, Esq., No. 133334
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Telefax: (310) 492-4394
nwolff@cdas.com

*Attorneys for Defendant*
Apple Inc.

| | |
|---|---|
| 1 | Nancy E. Wolff, Esq., No. 133334 |
| 2 | nwolff@cdas.com<br>COWAN, DEBAETS, ABRAHAMS, |
| 3 | & SHEPPARD LLP<br>9454 Wilshire Boulevard, Suite 901 |
| 4 | Beverly Hills, CA 90212<br>Telephone: (310) 492-4392 |
| 5 | Telefax: (310) 492-4394<br>NWolff@cdas.com |
| 6 | |
| 7 | *Attorneys for Defendant*<br>APPLE INC. |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYNNE FREEMAN, | Case No.: 3:23-cv-02426-WHO |
| Plaintiff, | **APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)** |
| vs. | |
| APPLE INC. | Date: July 19, 2023<br>Time: 2 p.m.<br>Courtroom: 2, 17th Floor |
| Defendant. | |
| | Judge: William H. Orrick |

APPLE INC.'S MOTION TO TRANSFER

Defendant Apple Inc. ("Apple") respectfully moves for this case to be transferred to the Southern District of New York under 28 U.S.C. § 1404(a).

This is a follow-along action stemming from copyright claims that Plaintiff originally filed in the S.D.N.Y. in March 2022 and is presently litigating against numerous other parties there. *See Freeman v. Deebs-Elkenaney et. al.*, No. 1:22 Civ 02435 (LLS)(SN) (S.D.N.Y. filed Mar. 25, 2022) (the "Main Case").[1] Plaintiff has now filed four separate federal court actions asserting the same central copyright claims over the same novels, and three of them are pending in the S.D.N.Y. These include the Main Case (filed against numerous defendants including the author of the allegedly infringing *Crave* book series), and two other actions against retailers of *Crave* that are similarly situated to Apple. One of those cases, filed against Amazon and others in the Central District of California, was recently transferred to the S.D.N.Y. after the Honorable Mark C. Scarsi found that the § 1404(a) factors favored transfer to the venue where the primary litigation is occurring.

This case should be transferred for the same reasons. Plaintiff chose the S.D.N.Y. as the venue for her central claim of copyright infringement over the novels at issue. Of the four cases asserting materially identical copyright infringement claims over the same novels, this the ***only case*** that is not pending in the S.D.N.Y. Apple would consent to personal jurisdiction in the S.D.N.Y. for Plaintiff's claims and the applicable § 1404(a) factors strongly favor transfer because it does not make sense to keep this one case separate from the rest of the litigation. Finally, if this case is not immediately transferred, it should be stayed pending resolution of the Main Case, as agreed to by Plaintiff and set forth below.

## **BACKGROUND**

This is a copyright case concerning Plaintiff Lynne Freeman's unpublished novel *Blue Moon Rising* ("*BMR*") and the New York Times bestselling *Crave* book series, encompassing the

---

[1] The Court may take judicial notice of the docket and filings in the Main Case and the other related S.D.N.Y. actions. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

2

four books *Crave*, *Crush*, *Covet*, and *Court* (collectively "*Crave*"). *Crave* was written by author Tracy Deebs-Elkenaney p/k/a Tracy Wolff and published by Entangled Publishing, LLC. It is distributed (including to Apple and others) by New York-based Holtzbrinck Publishers, LLC d/b/a Macmillan. California-based movie studio Universal City Studios has optioned a *Crave* movie and California-based video game company Crazy Maple Studio is developing a *Crave* video game. Apple is one of many retailers of *Crave*.

On March 25, 2022, Plaintiff filed the Main Case in the S.D.N.Y. against Wolff, Entangled, Macmillan, Universal, and Plaintiff's former literary agent Emily Sylvan Kim and Kim's company Prospect Agency, LLC. (Main Case ECF No. 1.)[2] On May 23, 2022, Plaintiff filed a First Amended Complaint in the Main Case against the same defendants plus Crazy Maple (which Plaintiff later dismissed). (Main Case ECF Nos. 24, 58.) In other words, Plaintiff chose to include claims against two California companies (Universal and Crazy Maple) and two Texas defendants (Wolff and Entangled) in the Main Case filed in New York.

On June 10, 2022, the S.D.N.Y. Court issued a Civil Case Management Plan and Scheduling Order. ("Scheduling Order," Main Case ECF No. 37.) The Scheduling Order provides: "The Plaintiff filed an Amended Complaint on May 23, 2022. Amended pleadings may not be filed and ***additional parties may not be joined*** except as allowed pursuant to Fed. R. Civ. P. 15." (Scheduling Order ¶ 3 (emphasis added).) Plaintiff did not follow the Main Case's Scheduling Order and seek leave to amend her pleadings to add claims against *Crave* retailers. Instead, on April 18, May 17, and May 18, respectfully, she filed a series of separate actions in different federal courts, including (1) a suit against Amazon, Costco, Target and Walmart in the Central District of California; (2) this case; and (3) a suit against Barnes & Noble in the S.D.N.Y. *See Freeman v. Amazon.com, Inc., et al.*, No. 2:23-cv-02917 (MCS)(PVC) (C.D. Cal. filed Apr. 18, 2023)

---

[2] The undersigned counsel also represents all current Main Case defendants besides Kim/Prospect, as well as other retailers including Amazon and Barnes & Noble. The S.D.N.Y. defendants believe that Plaintiff's copyright infringement claims are meritless and will be dismissed after the S.D.N.Y. court compares the works at issue at summary judgment and finds that they are not remotely similar.

("*Amazon*"); *Freeman v. Barnes and Noble Booksellers Inc.*, 1:23-cv-04145 (LLS)(SN) (S.D.N.Y. filed May 18, 2023) ("*B&N*"). But Plaintiff had been well-aware of these parties from the outset—she even testified in the Main Case that she bought her own copy of *Crave* on Amazon.[3]

After the S.D.N.Y. defendants brought the additional retailer actions to the S.D.N.Y. court's attention, that court ordered Plaintiff to file a motion to stay the *Amazon* case, in a May 12, 2023 Order. (Main Case ECF No. 202.) This case and *B&N* had not yet been filed and therefore were not discussed in the May 12 Order, but the S.D.N.Y. court recently stated at a June 2 conference that these cases need to be stayed as well. Also on May 12, Judge Scarsi ordered the parties in *Amazon* to show cause why the case should not be transferred to the S.D.N.Y. (*Amazon* ECF No. 14.) Plaintiff and Amazon filed responses. (*Amazon* ECF Nos. 22 and 24.) On June 7, Judge Scarsi agreed with Amazon that the case should be transferred to the S.D.N.Y. where the Main Case and *B&N* are pending and ordered transfer. (*Amazon* ECF No. 25 ("*Amazon* T.O.") at 1, 5.)[4]

Judge Scarsi agreed that transfer was supported by: (1) the retailers' distribution relationship with New York-based Macmillan, through which they are subject to indemnity; (2) the S.D.N.Y. court's familiarity with the case; and (3) general "principles disfavoring piecemeal, concurrent litigation over similar issues in disparate fora." (*Id.*) Judge Scarsi further found that "public factors, including the orderly course of justice, sharply weigh in favor of transfer." (*Id.* at 5.) These included "comity concerns" given that the S.D.N.Y. court had ordered Plaintiff to stay her claims against the retailers. (*See id.*) As Judge Scarsi put it: "If a sister district court intends to influence or dictate the course of this action, it should control the case entirely." (*Id.*)

---

[3] Apple and the S.D.N.Y. defendants believe that it was improper for Plaintiff to file these separate actions rather than seek to amend her pleadings in the Main Case under the Scheduling Order, and reserve their right to move to dismiss on this ground. *See, e.g.*, *Branded Apparel Grp. LLC v. Muthart*, 2018 WL 4308545, at *3-5 (S.D.N.Y. Sept. 10, 2018) (dismissing where party "deliberately sought to circumvent this Court's scheduling order by filing a [separate] action against" a new defendant it "had well known of" from the outset).

[4] Following the June 7 transfer, *Amazon* is now case no. 1:23-cv-04796 (JSR) in the S.D.N.Y. ECF cites to *Amazon* herein are to the C.D. Cal. docket.

4

1  Judge Scarsi found that Plaintiff's arguments "only nominally move the needle against
2  transfer." (*Id.* at 4.) For example, while Plaintiff argued that she owns a residence in Santa Barbara,
3  she failed to adequately describe her presence in the Central District, such that the "Court cannot
4  conclude that Freeman's contacts with this forum are significant or that evidence pertaining to this
5  lawsuit can be found in this district." (*Id.*) Judge Scarsi also found that Plaintiff's "contacts with
6  Alaska, the state in which she resides, do not significantly favor litigation thousands of miles away
7  in Los Angeles over litigation thousands of miles away in New York. (*Id.*)

8  Following transfer of *Amazon*, counsel for Apple emailed Plaintiff's counsel asking if
9  Plaintiff would either consent to transferring this case or voluntarily dismiss it and refile it in the
10 S.D.N.Y. Plaintiff refused either course, but did consent to staying this case and stipulated to giving
11 Apple 30 days to answer or move to dismiss from the date of an Order either (1) declining to
12 transfer or stay; or (2) lifting a stay.

## ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted). "Courts employ a two-step analysis to determine whether transfer is appropriate. First, courts consider whether the case could have been brought in the proposed transferee forum. Second, courts consider whether transfer would be convenient and fair," under numerous factors discussed below. (*Amazon* T.O. at 2 (citing *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013)).) Transfer is appropriate under this framework for the following reasons.

### I.  Apple Consents To Personal Jurisdiction In The S.D.N.Y.

The first step of the § 1404(a) analysis is satisfied if the defendant is subject to personal

jurisdiction in the proposed transferee district. (*See Amazon* T.O. at 2.) Apple states that it would consent to personal jurisdiction in the S.D.N.Y. for the claims asserted by Plaintiff in this case (but defend on other grounds), thus satisfying this component of the analysis. Plaintiff cannot reasonably argue that she needed to sue Apple in this District rather than the S.D.N.Y. because Apple is headquartered here. Such concerns did not stop Plaintiff from including two California companies (Universal and Crazy Maple) and two Texas-based defendants (Wolff and Entangled) in the Main Case. Moreover, as Judge Scarsi observed, Plaintiff has conceded that her claims against Amazon and similar non-New York-based retailers could have been brought in the S.D.N.Y. (*Amazon* T.O. at 3.)

## II. The Section 1404(a) Factors Favor Transfer.

As the Ninth Circuit has explained, a court considering a venue transfer under 28 U.S.C. § 1404(a) may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The court may additionally consider "the relevant public policy of the forum state." *Id.* The applicable factors collectively favor transfer to the S.D.N.Y., for the following reasons.

***Familiarity with law***. While this case principally involves the application of federal copyright law, there is no question that the S.D.N.Y. court is more familiar with the parties' claims and defenses and the application of the law to the facts. The Main Case has been hotly litigated since it was filed, through fact discovery and into expert discovery, and will proceed to summary judgment later this year. As Judge Scarsi put it, "[b]oth federal district courts have similar familiarity with federal copyright law, but the New York court has greater familiarity applying the law to the facts of this case—and will have *significantly* greater familiarity after the anticipated

6

summary judgment motion briefing on the copyright claim in the [Main] Case." (*Amazon* T.O. at 4.) Further, in a related-case statement that Plaintiff filed, she admits that this case and the *Amazon* and *B&N* actions "involve[] similar factual and legal issues with respect to whether the *Crave* books infringe [Plaintiff's manuscripts]." (ECF No. 9 at 2.) Neither justice nor efficiency would be served by having a second court preside over identical claims and issues.

***Choice of forum***. Plaintiff's decision to file this particular follow-along action in this District does not overcome that Plaintiff **chose the S.D.N.Y.** as the forum for her principal claims alleging that *Crave* infringes *BMR* (claims repeated here). Plaintiff knew about Apple and other retailers when she filed the Main Case (she even purchased her own copy of *Crave* on Amazon) and could and should have included any retailers in the Main Case if she wished to sue them. This case therefore belongs in the S.D.N.Y. and should not be kept here merely because Plaintiff chose to file improper additional lawsuits rather than follow the procedure for adding new parties under the Main Case Scheduling Order.

***Cost of litigating***. It would be more expensive to litigate this case alone in this District rather than together with the other three cases in the S.D.N.Y. While Plaintiff resides part-time in southern California, she cannot complain of the cost of litigating in New York when she chose to file the Main Case there. Apple has offices in New York City, does not object to litigating there, and does not believe it would be costly to compel witnesses or supply proof there, should that prove necessary.

***Contacts with fora***. While Apple is headquartered in this District, its relevant contacts for this case are with New York. Specifically, Apple is a retailer of *Crave* pursuant to a distribution agreement with Macmillan, a New York company and defendant in the Main Case. Apple as a customer of Macmillan is covered by the indemnity Macmillan receives from Entangled/Wolff. Not only are Macmillan, Entangled, and Wolff squarely implicated in this case through indemnity, but Macmillan distributed *Crave* to Apple. Surely Plaintiff will seek discovery from New York-based Macmillan on these issues. All of this supports transfer to the venue where Plaintiff's claims

against Macmillan, Entangled, and Wolff are being litigated, as Judge Scarsi found. (*Amazon* T.O. at 4 (this collectively "provid[ed] relevant contacts and evidence in the proposed transferee forum").)

While Plaintiff resides part-time in California, that residence is far away from this District, making her connection to this forum even weaker than the alleged forum connection in *Amazon*. Moreover, Plaintiff has already chosen to pursue her principal claims against the principal defendants in New York, creating contacts with that forum that significantly outweigh any contacts any party has with California. Further, as Judge Scarsi found, "Freeman's contacts with Alaska, the state in which she resides, do not significantly favor litigation thousands of miles away in [this District] over litigation thousands of miles away in New York." (*Amazon* T.O. at 4.)

***Public policy***. The policies of the States of California and New York, and the U.S. federal judiciary system, disfavor having disparate actions in in different courts over identical claims. (*See Amazon* T.O. at 4 (discussing "principles disfavoring piecemeal, concurrent litigation over similar issues in disparate fora") (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).) These considerations instead favor transfer so that the S.D.N.Y. court can determine whether to consolidate, stay, or dismiss the follow-along actions against Apple and other retailers. Indeed, as Judge Scarsi observed, "the New York federal court ordered Freeman to move to stay [the *Amazon*] Action." (*Id.* at 4-5.) The S.D.N.Y. court has subsequently stated that this applies to all retailer actions including this one. "If a sister district court intends to influence or dictate the course of this action, it should control the case entirely." (*Id.* at 5.)

Finally, to the extent Plaintiff argues that it would be prejudicial or disruptive to transfer this case because the Main Case is at a later stage and has proceeded past fact discovery, that would be unavailing. The S.D.N.Y. court presiding over the Main Case has made clear that it believes this case (and the related actions against other retailers) should be stayed. If the action is transferred, it presumably will be stayed or consolidated with only *Amazon* and *B&N*, and not

disrupt the Main Case or prejudice any activity in this case.[5]

### III. Stay In The Alternative

As explained above, this action should be transferred to the S.D.N.Y. However, in the event the action is not transferred, it should be stayed pending resolution of the Main Case. Plaintiff has stipulated via email to staying this case pending resolution of the Main Case and allowing Apple 30 days to move or dismiss or answer the Complaint from the date of an Order either (1) declining to stay or transfer; or (2) lifting a stay if one is entered. Apple stands ready to work with Plaintiff to supply a formal joint stipulation if the Court requires one. Apple expressly preserves all defenses.

### CONCLUSION

For the reasons set forth above, the Court should transfer this action to the S.D.N.Y. where the Main Case, *Amazon*, and *B&N* are pending. In the alternative, the Court should stay this case pending resolution of the Main Case, and then revisit the issue of transfer.

Dated:  June 14, 2023

        COWAN DEBAETS ABRAHAMS
        & SHEPPARD, LLP

        By: /s/ Nancy E. Wolff
        Nancy E. Wolff, Esq., No. 133334

        *Attorneys for Defendant Apple Inc.*

---

[5] For this reason, Apple does not at this time consent to consolidation of this case with the Main Case, but would likely consent to consolidation with the *Amazon* and *B&N* actions also pending in the S.D.N.Y. These issues should be addressed by the S.D.N.Y. court if this action is transferred.

## CERTIFICATE OF SERVICE

I, Nancy E. Wolff, hereby certify that on this 15th day of June 2023, I electronically field the foregoing APPLE INC.'S MOTION TO TRANSFER with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By: /s/ Nancy E. Wolff
Nancy E. Wolff, Esq., No. 133334
COWAN DEBAETS ABRAHAMS & SHEPPARD, LLP
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Telefax: (310) 492-4394
NWolff@cdas.com