UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE FREEMAN,<br><br>   Plaintiff,<br><br> v.<br><br>APPLE, INC.,<br><br>   Defendant. | Case No. 3:23-cv-02426-WHO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 12 |

Plaintiff Lynne Freeman filed this copyright infringement action against defendant Apple, Inc., who has now moved to transfer this case to the Southern District of New York (S.D.N.Y.) under 28 U.S.C. § 1404(a). Because the § 1404(a) factors favor transfer, and for additional reasons outlined below, the Motion to Transfer is GRANTED.

### BACKGROUND

This case arises out of a copyright dispute between Freeman, a romance author, and nonparty Tracy Deebs-Elkenaney, another romance author who writes under the pseudonym Tracy Wolff. Complaint ("Compl.") [Dkt. No. 1] ¶¶ 8–28. Freeman alleges that Wolff's *Crave* romance book series infringes on her own copyrighted book project. *Id.* ¶ 28. She has brought this action against Apple under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*, claiming its "display, distribution, and sales of the offending *Crave* books constitute infringement of Freeman's rights under the . . . Act." *Id.* ¶¶ 1, 33. The complaint brings a single cause of action against Apple for copyright infringement. *See id.* ¶¶ 6, 27, 33-35.

Freeman is the plaintiff in three ongoing copyright infringement actions in S.D.N.Y. relating to the same controversy with Wolff. *See* Notice of Related Cases, [Dkt. No. 9] at 2. The case she brought first is against Wolff; Wolff's literary agent, who also used to represent Freeman;

Entangled, Wolff's publishing company; Macmillan Publishers; and other parties. *See Freeman v. Deebs-Elkenaney, et al*, No. 1:22–cv–02435 (S.D.N.Y. filed Mar. 25, 2022). The other two cases are against retailers similarly situated to Apple: one against Barnes & Noble, *Freeman v. Barnes & Noble Booksellers, Inc.*, No. 1:23–cv–04145 (S.D.N.Y. filed May 18, 2023); the other against Amazon and other retailers, *Freeman v. Amazon, Inc., et al*, No. 1:23–cv–04796 (S.D.N.Y. filed June 7, 2023). The *Amazon* action was originally filed in the Central District of California, but the Honorable Mark Scarsi transferred it to S.D.N.Y. *See* Order Transferring Case [Dkt. No. 25], *Freeman v. Amazon, Inc., et al*, No. 2:23–cv–0917 (C.D. Cal. filed Apr. 18, 2023).

The complaint alleges that Freeman is domiciled in Alaska,[1] *id.* ¶ 4, and that Apple is domiciled, incorporated, and headquartered in California, *id.* ¶ 5.

Apple filed a motion to transfer the case to S.D.N.Y. or alternatively to stay the case pending resolution of Freeman's cases in S.D.N.Y. ("Mot.") [Dkt. No. 12]. Freeman filed an opposition, opposing transfer but agreeing that a stay would be appropriate. ("Oppo.") [Dkt. No. 13]. Apple replied. ("Repl.") [Dkt. No. 14]. Under Civil Local Rule 7-1(b), I determined this motion was appropriate for disposition without oral argument. [Dkt. No. 15].

## LEGAL STANDARD

A court may transfer an action to another district "where it might have been brought" "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (internal quotation marks omitted) ("[S]ection 1404(a) requires two findings—that the district court is one where the action might have been brought and that the convenience of parties and witnesses in the interest of justice favor transfer.").

A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "Section 1404(a) requires the court to make a threshold determination of whether the

---

[1] In her opposition to the present motion, however, Freeman says that she has sold her Alaska home and that she is now "living primarily" in her parents' home in Santa Barbara, California. [Dkt. No. 13] at 3.

2

case could have been brought where the transfer is sought. If venue is appropriate in the alternative venue, the court must weigh the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018) (citing 28 U.S.C. § 1404(a)). In making its determination, the court may consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Also relevant are "the presence of a forum selection clause" and "the relevant public policy of the forum state." *Id.* at 499.

"The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted).

## DISCUSSION[2]

### I.  WHETHER THE ACTION COULD HAVE BEEN BROUGHT IN S.D.N.Y.

With respect to the first requirement under § 1404(a), Apple asserts that it will consent to personal jurisdiction in S.D.N.Y., and that its consent is sufficient to establish personal jurisdiction and show that this case could have been brought in S.D.N.Y. Mot. 5–6. Apple also points to its distribution agreement with Macmillan as a basis for personal jurisdiction in New York. Mot. 3, 7; Repl. 3. In opposition, Freeman contends that consent is insufficient to establish personal

---

[2] Apple's request for judicial notice of the related cases, Mot. 2 n.1, is GRANTED. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2021 WL 5771140, at *7 (N.D. Cal. Dec. 6, 2021) ("[A] court may judicially notice court documents that are already in the public record or have been filed in other courts." (citation omitted)).

1    jurisdiction and that Apple is not otherwise subject to personal jurisdiction in New York because
2    while it sells e-books in New York, it has no physical bookstores there. Oppo. 3, 5.

3        A copyright infringement action may be brought "in the district in which the defendant or
4    his agent resides or may be found." 28 U.S.C. § 1400(a). "The Ninth Circuit interprets this
5    statutory provision to allow venue 'in any judicial district in which the defendant would be
6    amenable to personal jurisdiction if the district were a separate state.'" *Brayton Purcell LLP v.*
7    *Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (citation omitted), *abrogated on other*
8    *grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

9        "Personal jurisdiction over an out-of-state defendant is proper where permitted by a long-
10   arm statute and where the exercise of jurisdiction does not violate federal due process." *AMA*
11   *Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (citation omitted); *Edwardo v. Roman Cath.*
12   *Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023) (same rule applied in the Second Circuit).
13   New York's long-arm statute provides for personal jurisdiction over a non-domiciliary who, as
14   relevant here, "transacts any business within the state or contracts anywhere to supply goods or
15   services in the state." N.Y. Civ. Prac. L. & Rules 302(a)(1) (McKinney 2008). "To establish
16   personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant
17   must have transacted business within the state; and (2) the claim asserted must arise from that
18   business activity." *Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 732 F.3d 161, 168 (2d Cir.
19   2013) (citation omitted). The second prong does not require a causal relationship between the
20   defendant's business activity and the plaintiff's injury but rather looks for "a relatedness between
21   the transaction and the legal claim such that the latter is not completely unmoored from the
22   former, regardless of the ultimate merits of the claim." *Id.* at 168–69 (citation omitted).

23       Apple is subject to personal jurisdiction under the New York long-arm statute because it
24   transacts business and contracts in New York and its business and contracts give rise to Freeman's
25   claim. Freeman admits that Apple sells e-books in New York, though (without citing any law)
26   contends this is insufficient for personal jurisdiction. *See* Oppo. 3:19-22. Apple also points to its
27   distribution and indemnity agreements with New York-based Macmillan. Mot. 3:1-4, 7:21-53.
28   Apple's e-books as well as its distribution and indemnity agreements are directly related to

4

Freeman's copyright infringement claims in this case, which assert that Apple infringed Freeman's copyrights by selling and distributing its infringing e-books. Accordingly, Apple "ha[s] transacted business within the state" and Freeman's claim "ar[o]se from that business activity," *see Licci*, 732 F.3d at 168, so Apple is subject to personal jurisdiction under New York's long-arm statute.

Exercise of personal jurisdiction also must comply with due process. *AMA Multimedia*, 970 F.3d at 1207; *Edwardo*, 66 F.4th at 73. "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The minimum contacts test looks to whether (1) the non-resident defendant purposefully availed herself of the privilege of conducting activities in the forum; (2) whether the claim "arises out of or relates to the defendant's forum-related activities"; and (3) whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice, meaning it is reasonable. *Id.* at 1127-28 (citation omitted).

Each consideration is met here. Apple's sales of the allegedly infringing e-books in New York and its distribution and indemnity contracts with New York-based Macmillan show that it purposefully availed itself of the privileges of conducting activities in New York. *See id.* at 1228 (analyzing if the act was intentional, expressly aimed at the forum state, and caused harm that the defendant knows will likely be suffered in that state); *see also Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 914 (9th Cir. 1990) (finding indemnification may establish purposeful availment, noting "[defendant] controlled its own amenability to suit."). And as in *Mavrix*, Freeman's claim relates to Apple's forum-related activities and Freeman does not argue that the exercise of jurisdiction would be unreasonable. Accordingly, exercising personal jurisdiction in New York would comply with due process.

Finally, because New York courts may exercise personal jurisdiction over Apple under the long-arm statute, given its sales of e-books and its two contracts with Macmillan, I need not address Apple's argument that it would consent to personal jurisdiction if the action were moved

1  to New York.  However, I note that "consent to transfer is irrelevant" to whether the action might
2  have been brought in that district under § 1404.  *Com. Lighting Prod., Inc. v. U.S. Dist. Ct.*, 537
3  F.2d 1078 (9th Cir. 1976); *see also Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) ("[T]he
4  power of a District Court under [§] 1404(a) to transfer an action to another district is made to
5  depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee
6  district was one in which the action 'might have been brought' by the plaintiff."); *In re Bozic*, 888
7  F.3d 1048, 1052–53 (9th Cir. 2018) (finding clear legal error in a district court's transfer decision
8  and noting that the districts where cases "might have been brought . . . cannot be expanded by
9  [d]efendants.").

Because S.D.N.Y. would have personal jurisdiction over Apple, this case could have been brought in S.D.N.Y. under 28 U.S.C. § 1400(a).

## II. FACTORS UNDER § 1404(A)

Apple argues that § 1404(a) favors transfer given the factors assessed under *Jones* because there are three related cases in S.D.N.Y. asserting "materially identical" claims as the ones being litigated here.  Mot. 2.  Freeman argues that this case differs from those New York actions, that none of the relevant *Jones* factors favor transfer, and that her choice of forum is owed substantial deference.  Oppo. 2.  As explained below, while one *Jones* factor favors retention and a few are neutral, several favor transfer, which under the facts and circumstances of this particular case make transfer appropriate.

### A. Factors Favoring Retention

Freeman asserts that her choice of forum—the third *Jones* factor—is due significant deference and that it compels denial of transfer here because she suffers panic attacks when flying and says that litigating in New York would negatively affect her physical and mental health.  *See* Oppo. at 4, 9.  In turn, Apple disputes that Freeman's choice is due such deference in large part because of the existence of the other cases in New York.[3]  Mot. at 7.

---

[3] Apple also argues that Freeman failed to follow the S.D.N.Y. scheduling order, which contains the standard language that "[a]mended pleadings may not be filed and additional parties may not be joined except as allowed pursuant to Fed. R. Civ. P. 15."  Mot. at 3; *see* Civil Case Management Plan and Scheduling Order Dkt. No. 37 at 1, *Freeman v. Deebs-Elkenaney, et al*, No.

6

1    I afford Freeman's choice of forum great weight, as the law requires, particularly because her health concerns are valid and substantial. *State*, 286 F. Supp. 3d at 1063 ("Although it is not a statutory requirement, the Supreme Court has placed a strong emphasis on the plaintiff's choice of forum." (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). Though the plaintiffs' choice of forum may be given less weight when she does not reside in this district and the alleged events did not occur in the chosen forum, *see Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009), here significant deference is given to her choice given her expressed health concerns and the defendant's relationship with this forum. That said, this factor alone does not require denial of the motion to transfer. I evaluate the other factors in recognition that Freeman is already litigating, and has chosen to litigate in S.D.N.Y. and that she is likely able to participate remotely in most court proceedings.

### B. Factors Favoring Transfer

Several *Jones* factors favor transfer. To begin with, both parties argue that the fourth and fifth factors—concerning contacts relating to the plaintiff's cause of action in the chosen forum, and each parties' contacts with this forum—favor their preferred outcome. *See Jones*, 211 F.3d at 498–99. Apple says that despite being headquartered in this district, its contacts relevant to this case are with New York because it sells *Crave* through a distribution agreement with New York-based Macmillan and is covered by Macmillan's indemnity agreement. Mot. 6-7. Freeman argues that Apple is headquartered in this district and that her claims against Apple for its online sales of the allegedly infringing books have at least as much to do with California as they have to do with New York. *See* Oppo. at 8.

These factors slightly favor Apple. Its only contact in this forum related to Freeman's claim seems to be its headquarters—an important and substantial contact to be sure, but where all other relevant contacts appear to be in New York, Apple's headquarters by themselves do not

---

1:22–cv–02435 (S.D.N.Y. filed Mar. 25, 2022). This argument is bordering disingenuous, given that nothing in the scheduling order precludes Freeman from filing other court cases and because even if she could have amended her complaint to include Apple (a decision I leave for the court in New York), simply filing a case against Apple does not itself show that she failed to comply with FRCP 15, which allows amendment "when justice so requires." Fed. R. Civ. Proc. 15(a)(2).

7

1  preclude transfer. In particular, the contracts relevant to if and how Apple distributed the
2  products-in-suit are based in New York, and Freeman has no contacts with this forum. This favors
3  transfer.
4      Importantly, the other "convenience factors," including ease of access to sources of proof,
5  costs of transfer, and compelling witnesses, all favor transfer because of this case's relationship
6  with the *Deebs-Elkenaney* case and other related cases in New York. Though the cases
7  themselves differ, the underlying dispositive legal issue—whether Freeman's copyright was
8  infringed—are identical issues and "it would be more convenient to litigate" them "in a
9  coordinated fashion." *State*, 286 F. Supp. 3d at 1060 (quoting *Elecs. for Imaging, Inc. v. Tesseron,*
10 *Ltd.*, No. 07-cv-05534 CRB, 2008 WL 276567, at *2 (N.D. Cal. Jan. 29, 2008)). This is especially
11 true because fact discovery is already complete in the first New York action. *See* Repl. at 5.
12     Accordingly, Apple has met its burden to show that the convenience factors support
13 transfer. *See Decker Coal*, 805 F.2d at 843.
14     **C.    Neutral Factors**
15     The remaining *Jones* factors do not heavily weigh one way or the other. *See Jones*, 211
16 F.3d at 498–99. The parties do not discuss the relevance of the first factor, location of agreements.
17 Both courts are equally familiar with federal copyright law, so the second factor is neutral. There
18 is no relevant forum selection clause, so this too is neutral—while Freeman notes that Apple's
19 user agreements include a forum selection clause requiring litigation in this district, *see* Oppo.
20 8:13-17, it is not clear why that agreement would apply to her copyright claim, which does not
21 arise from her use of Apple products. And the fora's relevant public policies balance each other,
22 given each forum's interest in enforcing copyright laws. Indeed, as the alleged infringement had a
23 nexus in New York, if anything this factor supports transfer.
24     Accordingly, despite Freeman's choice of this forum, the balance of equities requires
25 transfer here.
26
27
28

**CONCLUSION**

For those reasons, the motion to transfer is GRANTED. The alternative request to stay the case is DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 9, 2023

William H. Orrick
United States District Judge